NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER M. BERGNA, | No. 16-16529 |
| Petitioner-Appellant, | D.C. No. 3:10-cv-00389-RCJ-WGC |
| v. | |
| JAMES BENEDETTI and ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 14, 2018**
San Francisco, California

Before: PAEZ and IKUTA, Circuit Judges, and VITALIANO,*** District Judge.

Following a jury trial, appellant Peter Bergna was convicted in Nevada state

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

court of murdering his wife and sentenced to life in prison with the possibility of parole after twenty years. Bergna petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after procedurally defaulting on his state court remedies. The district court denied the writ and dismissed his petition after considering Bergna's habeas application on the merits. We issued a certificate of appealability under 28 U.S.C. § 2253.

We certified two of Bergna's claims for review: (1) that the evidence at trial was not constitutionally sufficient to support the verdict; and (2) that the trial court violated his constitutional right to an impartial jury by denying his motion for a change of venue. Because "appeals courts are empowered to, and in some cases should, reach the merits of habeas petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted procedural bar," *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002); *see also Lambrix v. Singletary*, 520 U.S. 518, 525 (1997), we may consider the merits of this petition despite Bergna's procedural default. Because the state court ruled on procedural grounds without addressing the merits of either claim, *see* 28 U.S.C. § 2254(d), our review is de novo, *see Chaker v. Crogan*, 428 F.3d 1215, 1221 (9th Cir. 2005).

The district court properly denied Bergna's sufficiency of the evidence claim. When a habeas petitioner brings such a *Jackson* claim, a federal court must

consider the record "in the light most favorable to the prosecution" to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also Kyzar v. Ryan*, 780 F.3d 940, 943 (9th Cir. 2015) ("[W]e must . . . presume that the jury resolved any evidentiary conflicts in [the prosecution's] favor.").

Bergna was convicted under N.R.S. § 200.030 of pre-meditated first degree murder. The jury heard testimony, *inter alia*, that Bergna could have avoided the crash that killed his wife; that it was highly unlikely that Bergna was naturally ejected from the vehicle before it plummeted down the cliff; that he was wearing several layers of clothing on the day of the incident, which suggested that Bergna anticipated he would need to cushion a pre-planned fall in some way; that the passenger side airbag had been turned to the off position; and that Bergna confessed to the murder to a jailhouse informant. Undoubtedly, any rational juror could have found Bergna guilty on the strength of this evidence. *See Jackson*, 443 U.S. at 319. Accordingly, we conclude that his *Jackson* claim is meritless.

Bergna's change of venue claim is equally meritless. When pretrial publicity renders it impossible to empanel an impartial jury, a change of venue is appropriate to preserve the defendant's constitutional right to an impartial jury. *See Skilling v. United States*, 561 U.S. 358, 378–79 (2010); *Murray v. Schriro*, 882

3

F.3d 778, 802 (9th Cir. 2018). To warrant venue change, however, the defendant must demonstrate either presumed or actual prejudice. *See Skilling*, 561 U.S. at 377. Prejudice may be presumed only when the "trial atmosphere [is] utterly corrupted by press coverage," or when "public passion" renders a fair trial unlikely. *Murray*, 882 F.3d at 802 (alteration in original) (internal quotation marks omitted). Actual prejudice, on the other hand, occurs "if, during voir dire, potential jurors who have been exposed to pretrial publicity express bias or hostility toward the defendant that cannot be cast aside." *Id*. at 802–03.

Bergna failed to demonstrate to the trial court, or on his habeas application, the circumstances required to presume prejudice. Although Bergna submitted 66 news articles, aside from one nationally aired television program, all of the articles were at least five-months old by the time of his re-trial. This level of dissipation in news coverage does not reveal "the barrage of inflammatory publicity immediately prior to trial" necessary "to warrant a presumption that the jurors selected for the trial of this matter were prejudiced." *Harris v. Pulley*, 885 F.2d 1354, 1362 (9th Cir. 1988) (internal quotation marks omitted). Moreover, a review of those articles makes plain that they were largely factual in nature. This record does not support a presumption of prejudice. *See Skilling*, 561 U.S. at 382–84.

Nor has Bergna shown actual prejudice. To the extent that his arguments raised issues with the venire pool, Bergna did not show that the jurors exhibited

bias or hostility towards him.  To the contrary, the jurors stated during voir dire either that they would be fair and impartial despite media coverage or that they had not viewed any such coverage at all.  Accordingly, we conclude that the trial court's denial of a venue change did not violate Bergna's constitutional right to an impartial jury.  *See Skilling*, 561 U.S. at 390–92.

    **AFFIRMED.**